LOCKART *et al.* v. MONTGOMERY COUNTY.

**Criminal Law:** CHANGE OF VENUE : COSTS : WHICH COUNTY PRIMARILY LIABLE. Where there is a change of the place of trial of a criminal cause, the county where the trial is had is primarily liable for the costs of the case made in that county, but is entitled to be reimbursed by the county in which the cause originated. (See opinion for statutes cited.)

*Appeal from Montgomery District Court.*—HON. H. E. DEEMER, Judge.

FILED, OCTOBER 27, 1888.

AN indictment was returned by a grand jury of Pottawattamie county against E. D. Cross, accusing him of a public offense. The venue of the cause was subsequently changed to Montgomery county, where it was tried. The district court ordered that the jury be kept together during the trial, and in pursuance of that order the jurors and the bailiff in charge of them were furnished meals during the trial by plaintiffs. On the trial Cross was acquitted. Subsequently plaintiffs filed a motion asking the court to audit their account for said services as costs in the case. The motion was served on the county attorney of Montgomery county, and he appeared for the county, and made resistance. The district court sustained the motion, and entered an order requiring Montgomery county to pay the amount of the account, and it appeals.

*R. W. Beeson*, for appellant.

*Smith & McPherson*, for appellee.

REED, J.—Section 4381 of the Code is as follows : "In all changes of venue under the provisions of this chapter, the county from which the change of venue was taken shall pay the expenses and charges of removing, delivering and keeping the defendant, and all other expenses necessary and consequent upon such change of venue, and the trial of such defendant, which shall be audited and allowed by the court trying such case." It is entirely clear that under this provision Pottawattamie county is liable ultimately for all proper costs and charges in the case, which accrued after the change of venue was taken. But the question in the case is whether the county in which the cause was tried is liable primarily for the costs and charges, or whether the liability of the county in which the cause arose is directly to the officers or persons in whose favor they accrued. We are of the opinion that the former is the correct view. It may be admitted that there is no express provision of statute to that effect; but, when all of the provisions with reference to costs and expenses in criminal cases are considered, we think that is the only reasonable conclusion that can be gathered from them. It is provided by section 3811 that the compensation of jurors shall be paid out of the county treasury. Also by sections 3781-3790 that the fees of the clerk and the sheriff in criminal cases in which the state fails shall be paid in the same way. Each of these provisions is general, applying to all cases, and each requires the payment to be made by the county in which the cause, in which the costs or charges accrued, was tried. And section 3841 provides that, "where costs are paid by a county other than the one in which the offense was committed, the amount of such costs shall be deemed a charge in favor of such county, and against the one in which the offense was committed, and may be recovered by action in any

court having jurisdiction." This section affords the county in which the case was tried a remedy for the costs and expenses incurred by it in connection with the trial. It cannot be presumed that the legislature intended by it merely to afford the county relief for such payments as it might voluntarily make. But the reasonable presumption is that it was intended as a general rule upon the subject, affording a remedy to the county for all costs and expenses incurred in that class of cases. It is proper to say that no question has been made as to the character of the services; that is, it has not been contended that plaintiff's claim is not properly chargeable as costs in the case, and we do not consider that question.

AFFIRMED.